UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MARTIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ESSEX COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | Civil Action No. 15-8684 (MCA)<br><br>MEMORANDUM AND ORDER |

    *Pro se* Petitioner Raymond Martin, an immigration detainee confined at Essex County Correctional Facility, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court previously administratively terminated the action because Petition did not pay the filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 2.) Petitioner subsequently paid the fee (*see* ECF No. 4), and the Court will direct the Clerk of the Court to reopen the case for judicial review. The Court has reviewed the Petition, and it appears that Petitioner is not challenging his immigration detention pursuant to 28 U.S.C. § 2241; rather, he seeks to bring a habeas petition challenging his criminal conviction in state court pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of
> *habeas corpus* . . . shall be in writing (legibly handwritten in ink or
> typewritten), signed by the petitioner or movant, on forms supplied
> by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014). Instead, he used the form for immigration detainees challenging their immigration detention pursuant to 28 U.S.C. § 2241.

The Court will therefore direct the Clerk of the Court to administratively terminate the action again and send Petitioner the form for section 2254 petitions.

Because Petitioner has identified himself as an immigration detainee, the Court also notes that to invoke habeas corpus review by a federal court, the petitioner must be "in custody," *see* 28 U.S.C. §§ 2241(c)(3), "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (internal citation omitted) (emphasis added); *see also*; *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978 (1998). As explained by the Supreme Court of the United States in *Maleng v. Cook*, a prisoner on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." 490 U.S. 488, 491 (1989) (internal citations omitted); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers"). A petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, regardless of collateral consequences. *See Maleng*, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).[1] As such, if Petitioner

---

[1] The Court also notes that "[h]abeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must specify all the grounds for relief and set forth facts supporting each of the grounds thus specified. *See* 28 U.S.C.

2

submits a habeas petition under 28 U.S.C. § 2254, he shall inform the Court of the date on which his state court sentence has or will expire.

THEREFORE, it is on this day of April 12, 2016;

ORDERED that the Clerk of the Court shall reopen this case for the Court's review; and it is further

ORDERED that, for the reasons stated in this Memorandum and Order, the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ...."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the Petitioner meets the "custody" requirement, or that original petition is timely, or that Petitioner's claims are duly exhausted; and it is further

---

§ 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b). As such, Petitioner must fill out the form <u>completely</u>.

3

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                                                _____
                                                                Madeline Cox Arleo, District Judge
                                                                United States District Court